JMG/STN: USAO # 2018R00230

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. ELH-22-0449 |
| v. | |
| FRANCESCO ILLIANO, a/k/a FRANK ILLIANO, | (Willful Failure to Collect or Pay Over Tax, 26 U.S.C. § 7202 ) |
| Defendant. | |

## INDICTMENT

The Grand Jury for the District of Maryland charges that:

### COUNTS ONE THROUGH NINE
(Willful Failure to Pay Over Trust Fund Taxes)

At all times relevant to this Indictment, unless otherwise stated:

1. Defendant **FRANCESCO ILLIANO ("ILLIANO")** was a resident of Mount Airy, Maryland. **ILLIANO** owned and operated several business entities, including two restaurants and a property management company (which will be referred to here as the "Illiano Companies"). The Illiano Companies collectively employed over 100 individuals.

2. Napoli Inc. d/b/a New York J&P Pizza ("Napoli, Inc.") was a corporation that operated a restaurant doing business in Mount Airy, Maryland providing pizza, pasta, and other dishes. **ILLIANO** was the President, Chief Executive Officer, and 100 percent shareholder of Napoli.

3. Company 2 was a limited liability company that operated a general service restaurant known as the Mount Airy Inn that also did business in Mount Airy,

Maryland. **ILLIANO** was the Chief Executive Officer and (along with his wife) the majority owner of Company 2.

4. Company 3, a property management and building company, was a corporation that also did business in Mount Airy, Maryland and was primarily engaged in providing various services to the other Illiano Companies. **ILLIANO** was the president of Company 3.

5. At various times, **ILLIANO** also owned and operated a number of other restaurants doing business in the mid-Atlantic region that he closed or sold.

6. The Internal Revenue Service ("IRS") was and is an agency of the United States Department of the Treasury. The IRS is responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

7. Pursuant to the provisions of the federal Internal Revenue Code (IRC) and its associated regulations, employers are required to withhold amounts from their employees' gross pay, including federal income taxes and Federal Insurance Contribution Act ("FICA") taxes. FICA taxes consist of Social Security and Medicare taxes that are used to finance the operations of those government social insurance programs. These FICA taxes will be collectively referred to in this Indictment as "trust fund taxes" because employers hold the withheld amounts in trust until they pay these funds over to the United States. Employers are required to pay over these withheld trust fund amounts to the IRS on a quarterly basis (every three months), making these payments no later than the last day of following month after the end of each quarter.

8. In addition to the trust fund taxes that must be withheld from their employees' paychecks, employers are separately required to make FICA contributions from their own funds that match the amounts of the Social Security and Medicare taxes

that were withheld from their employees' pay. These matching employer contributions are also required to be paid over to the IRS no later than the last day of the following month after the end of each quarter. Collectively, these funds that employers are required to pay over quarterly to the IRS are commonly referred to as "employment taxes," which consist of the individual income, Social Security and Medicare taxes withheld from their employees' paychecks and the matching FICA taxes that are separately required to be contributed by the employer.

9. One month after the conclusion of each calendar quarter, employers are required to file a tax record known as an Employer's Quarterly Federal Tax Return or Form 941 ("Form 941"). On the Form 941, the employer is required to set forth the total amount of the income taxes withheld from its employees' pay, the employees' and employer's share of Social Security and Medicare taxes, and the resulting amount of taxes due, as well as the total tax deposits.

10. For the purposes of the federal tax laws, a "responsible person" is an individual in a business who is responsible for collecting, accounting for, and paying over the employment taxes withheld from out of their employees' pay. An individual is considered a "responsible person" if he or she has the authority required to exercise significant control over the employer's financial affairs.

11. The Trust Fund Recovery Penalty ("TFRP") is a penalty provided for by the Internal Revenue Code (IRC) that may be imposed against any person who was required by law to collect, account for, and pay over to the IRS taxes held in trust but who willfully failed to perform any of these activities, or who willfully attempted to evade or defeat any such tax or its payment.

12. In or about the summer of 2013, the IRS assessed a TFRP against **ILLIANO** for his failure to pay over more than $1 million in trust fund taxes owed to the IRS by GT Management Corporation, another company owned by **ILLIANO** that he had established to handle payroll functions for a number of Green Turtle restaurants that he then owned or had previously owned. These taxes had been withheld by GT Management Corporation from the paychecks of employees of the Green Turtle restaurants then owned by **ILLIANO** from the third quarter of 2011 through the first quarter of 2012.

13. From at least April 2014 to at least July 2016, **ILLIANO** exercised significant control over the financial affairs of the Illiano Companies by, among other things, exercising signatory authority over the bank accounts maintained by the Illiano Companies; deciding which business expenses to pay and when to pay them; providing financial and payroll information to an accountant whom his businesses employed for the purpose of preparing employment tax returns; and authorizing the accountant to file tax return information on behalf of the Illiano Companies. **ILLIANO** therefore was a responsible person required to collect trust fund taxes, account for the employment taxes by filing Forms 941 prepared by his accountant with the IRS, and pay over to the IRS the trust fund taxes for the Illiano Companies' employees.

14. From the fourth quarter of 2014 through the third quarter of 2016, **ILLIANO** willfully failed to pay over employment taxes totaling approximately $134,534.00, which included approximately $46,721 in trust fund taxes consisting of withheld employee income taxes and the employees' share of the FICA taxes, as well as approximately $87,814 in matching FICA tax contributions owed to the IRS by Napoli Inc.

15. From the second quarter of 2014 through the fourth quarter of 2015, **ILLIANO** furthermore failed to pay over employment taxes totaling approximately $77,671.00, which included approximately $35,012 in trust fund taxes consisting of withheld employee income taxes and the employees' share of the FICA taxes, and approximately $42,659 in matching FICA tax contributions owed to the IRS by Company 2.

16. From the third quarter of 2014 through the second quarter of 2016, **ILLIANO** also failed to pay over employment taxes totaling approximately $46,263.00, which included approximately $27,300 in trust fund taxes consisting of withheld employee income taxes and the employees' share of the FICA taxes, and approximately $18,964 in matching FICA tax contributions owed to the IRS by Company 3.

17. In each quarter of the tax years 2014 and 2015 for which the Illiano Companies owed trust fund taxes to the IRS that it failed to pay, in whole or in part, the Illiano Companies had substantially greater sums deposited into their bank accounts than the amount of these tax liabilities, which **ILLIANO** could have used to pay the trust fund taxes owed.

18. On or about the dates listed in the table below, for each of the calendar quarters listed, in the District of Maryland, **ILLIANO** did willfully fail to pay over the trust fund taxes listed below, more or less, as due and owing to the IRS on behalf of the employees of the Illiano Companies indicated.

| Count | Entity | Quarter | Filing Due Date | Trust Fund Taxes Due and Owing |
|---|---|---|---|---|
| 1 | Napoli Inc. | 2nd Quarter 2015 | July 31, 2015 | $7,013 |
| 2 | Napoli Inc. | 3rd Quarter 2015 | October 31, 2015 | $17,487 |
| 3 | Napoli Inc. | 4th Quarter 2015 | January 31, 2016 | $22,220 |
| 4 | Company 2 | 3rd Quarter 2015 | October 31, 2015 | $13,252 |
| 5 | Company 2 | 4th Quarter 2015 | January 31, 2016 | $21,760 |
| 6 | Company 3 | 1st Quarter 2015 | April 30, 2015 | $4,424 |
| 7 | Company 3 | 2nd Quarter 2015 | July 31, 2015 | $5,941 |
| 8 | Company 3 | 3rd Quarter 2015 | October 31, 2015 | $2,560 |
| 9 | Company 3 | 2nd Quarter 2016 | July 31, 2016 | $9,232 |
| TOTAL: | | | | $103,889 |

All in violation of Title 26, United States Code, Section 7202.

*Erek L. Barron* (signature)

EREK L. BARRON
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

12/21/2022
Date